## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **SCOTT BONARRIGO and** ) | |
| **TODD BETLEJEWSKI** ) | |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:14-cv-14364** |
| ) | |
| **LUCRAZON, LLC and** ) | |
| **LUCRAZON** ) | |
| **GLOBAL, LLC,** ) | |
| ) | |
| Defendants, ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.      INTRODUCTION

This is an action for actual and statutory damages brought by plaintiffs Scott Bonarrigo and Todd Betlejewski against Defendant's violations of the common and statutory law.

### II.      JURISDICTION

2.  Jurisdiction of this court arises under 28 U.S.C. § 1332(a)(2) as: 1) the instant matter involves parties residing in different states of the United States and the damages sought, exclusive of costs and interest, exceed $75,000.00.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here as Plaintiff Bonarrigo resides within this state and this judicial district.

### III.    PARTIES

4.    Plaintiff, SCOTT BONARRIGO, is a natural person residing in the state of Massachusetts.

5.    Plaintiff, TODD BETLEJEWSKI, is a natural person residing in the state of California.

6.   Defendants, LUCRAZON GLOBAL, LLC and LUCRAZON, LLC, are limited liability companies registered in the state of Delaware with principle places of business and corporate headquarters in the state of California.

7.   At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

8.   Sometime in late 2013 and also early 2014, Plaintiffs entered into written agreements with Defendants and Defendants' agents/employees pertaining to the supply and utilization of certain merchant services equipment, software and resources.   Plaintiffs entered into said agreement with Defendants and Defendants' agents/employees based solely and in reliance upon numerous representations made by Defendants and its agents and employees pertaining to the business opportunities Defendants would provide to Plaintiffs.   However, Defendants' representations were patently false and intended to mislead Plaintiffs.    In sum, Plaintiff Bonarrigo paid Defendants approximately $46,000.00 in cash and Plaintiff Betlejewski paid Defendants approximately $110,000.

9.    On numerous occasions, Defendants and its officer/employee Oscar Garcia and Alex Pitt made fraudulent and misleading statements about alleged "daily bonuses" of

$14.50 that Plaintiffs were guaranteed to receive on a daily basis as a result of Plaintiffs entering into a written relationship with Defendants, to commence on Jan 2, 2014.

10.     Further, Defendants and its officer/employee Oscar Garcia and Alex Pitt made repeated (albeit false and misleading) representations that the daily bonuses "could go to $20 a day, $50 a day… who knows."  However, this was never possible and based upon faulty (as well as meticulously and deliberately skewed) mathematical statistics promulgated to entice Plaintiffs and others into buying into Defendants' scheme.

11.     Further, Defendants and Oscar Garcia and Alex Pitt (again, falsely and in an attempt to mislead Plaintiffs) represented that Defendants would assemble some 10,000 merchant accounts each making $10,000 into a $100 million bundle, akin to mortgage bundles, and then sell them to the banks at many times monthly recurring commissions. This never happened and Defendants never intended to do so.

12.     Defendants also advised Plaintiffs that online accounts were worth 10 times the monthly commissions, retail accounts were worth 30 times commissions, and medical accounts were worth 60 times monthly earnings, and that Plaintiffs could sell those accounts every month, or keep them for an alleged large payoff when the bundles were sold.  This was not true, never offered to Plaintiffs nor did Defendants make any attempts to secure such sales that would provide Plaintiffs the ability to elect to either sell or retain their merchant accounts.

13.     As further enticement, Defendants repeatedly advised Plaintiffs and others that when these "bundles" were sold, each Brand Partner position (to which both Plaintiffs purchased several) was entitled to a share of this pool of money, and that leaders of said accounts, like Plaintiffs, would be offered interest into another bundle.  This was not true,

never offered to Plaintiffs nor did Defendants make any attempts to secure such sales that would provide Plaintiffs the ability to elect to either sell or retain their merchant accounts or be offered the opportunity to re-invest their proceeds towards another endeavor.

14.     Despite Defendants' false and misleading representations, and due solely to Plaintiffs' own work ethic and business acumen, Plaintiffs began to successfully develop business accounts and profit, which, per Defendants' representations, was to be passed onto Plaintiffs as part of the aforementioned "daily bonuses."  In fact, said "bonuses" were to commence in January of 2014.  Not surprisingly, Defendants never paid any amount of "bonuses" to either Plaintiff.

15.     Despite this, and for vague and illusory reasons, these bonuses owed and due to Plaintiffs were then postponed to February of 2014, then yet again to March of 2014, then again in April of 2014.

16.     As such, Plaintiffs belief that there simply was no intent whatsoever to actually pay out these "bonuses" but instead Defendants' representations to the contrary were simply part and parcel of an overall fraudulent scheme to secure as much monetary benefit as possible from Plaintiffs at Plaintiffs' expense and detriment.

17.     What is more, when daily bonuses did finally begin to commence, they were nothing like what was promised to issue, both in terms of amount and frequency of disbursement.   Then mysteriously, all bonus payments simply stopped.

18.     However, despite this demonstrable cessation of payments, Plaintiffs' back office reporting evidences that Defendants falsely and deceptively reported these payments or "bonuses" has having been successfully transmitted, when no such payments were in fact

issued to Plaintiffs in any fashion. Put bluntly, Defendants is intentionally and knowingly withholding money that rightfully belongs to Plaintiffs.

19.      In fact, when Plaintiffs and hundreds of others expressed dissatisfaction in the false and misleading representations made by Defendants and its individual officers, agents and employees, Defendants curiously changed its approach and sales pitch towards selling Plaintiffs and others web merchant sites for a profit.

20.      When Plaintiffs and others again expressed a desire to terminate the relationship with Defendants due to misleading statements, Defendants falsely offered to provide refunds to all those who requested. Plaintiffs submitted such requests for refunds, but to this date, have not received the refunds requested and promised. Yet again, Defendants continues to withhold substantial sums of money that belong to Plaintiffs.

21.      In sum, Plaintiff Bonarrigo is owed by Defendants at a minimum, $15,000.00 for each of his four (4) accounts purchased in addition to the approximately $46,000.00 paid to Defendants initially. Plaintiff Betlejewski is owed by Defendants, at a minimum, $15,000.00 for each of his ten (10) accounts purchased in addition to the approximately $110,000.00 paid to Defendants initially. Thus, at a minimum, Defendants is wrongfully withholding $321,000, which belongs to the Plaintiffs.

## FIRST CAUSE OF ACTION

### (Fraud)

22.      Plaintiffs incorporate by reference all preceding paragraphs, inclusive, as if fully set forth herein.

23.      Defendants, in its successful campaign to defraud Plaintiffs of their money, made numerous misrepresentations to Plaintiffs Plaintiff regarding the

business/investment opportunity in which they were defrauded of $321,000.00 at a minimum with the intention that Plaintiffs rely on and act based upon these misrepresentations, as set forth above and incorporated by reference herein.

24.     Defendants intended that Plaintiffs would rely upon their numerous and knowing misrepresentations and would, in reliance on these misrepresentations, give Defendants time, money and other intangibles in Defendants' fraudulent "investment opportunity."

25.     Defendants knew that their representations to Plaintiffs were false when they were made, and in fact, took elaborate steps to conceal their scheme from Plaintiffs.  These representations were made to Plaintiffs with the intent to defraud Plaintiffs and deceive Plaintiffs into believing that the proposed business/investment opportunity would result in significant financial gain for Plaintiffs.

26.     Plaintiffs were ignorant of the falsity of these representations at the time they were made by Defendants and believed them to be true.   In reliance on these representations, Plaintiffs were induced to, and did, give money, time and other intangibles to the Defendants.  Plaintiffs were justified in their reliance upon Defendants' fraudulent misrepresentations as Defendants gained Plaintiffs' trust and confidence through their elaborate misrepresentations as described above.   Absent Defendants' fraudulent misrepresentations, Plaintiffs would never have given Defendants money, time and other intangibles.

27.     As a direct and proximate result of Defendants' fraud, Plaintiffs have been defrauded of $321,000.00 at a minimum.

## SECOND CAUSE OF ACTION

**(Negligent Misrepresentation)**

28.     Plaintiffs incorporates by reference all preceding paragraphs as if fully set forth herein.

29.     Defendants negligently made false representations as to past and present material facts, and false statements to Plaintiffs that they knew or should have known were false.

30.     At the time Defendants made these representations, they had no reasonable grounds for believing them to be true.

31.     The Defendants made these representations to Plaintiffs with the intent to induce Plaintiffs to rely upon them.

32.     Plaintiffs were unaware of the falsity of Defendants' representations and Plaintiffs were justified in their reliance upon Defendants' misrepresentations as Defendants held themselves out as possessing knowledge and expertise.

33.     Absent Defendants' misrepresentations, Plaintiffs would never have given Defendants any of their money, time or other intangibles.

34.     As a direct result of Individual Defendants' misrepresentations, Plaintiffs have been defrauded in the amount of $321,000.00, at a minimum.

**THIRD CAUSE OF ACTION**

**(Conversion)**

35.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

36.   Plaintiffs are the rightful owners of the $321,000.00 owed to them by Defendants, who converted said funds for their own exclusive use.

37.   Throughout 2014, Defendants fraudulently persuaded Plaintiffs to give them time, money and other intangibles.

38.    In 2014, Plaintiffs had sought the return of the above-mentioned funds as detailed above.

39.  Defendants continue to wrongfully retain Plaintiffs' above-mentioned funds, in direct violation of Plaintiffs' property rights to the specific sum.

40.  Plaintiffs has been denied their rightful property of $321,000.00, at a minimum, by Defendants.

41.  Defendants preyed upon Plaintiffs and defrauded them of money using fraudulent, malicious and oppressive means.   Defendants' conversion of Plaintiffs' property therefore warrants an award of exemplary damages.

## FOURTH CAUSE OF ACTION

### (Rescission)

42.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

43.    Plaintiffs are entitled to effect unilateral rescission of their contract with Defendants because Plaintiffs' consent to the contract in question was obtained through Defendants' fraud.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

44.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

45.     California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.  As Defendants conducted all business activities described above, including entering into the contracts at issue with Plaintiffs while in the state of California, California state law is applicable.

46.     As a result of the actions of Defendants set forth hereinabove, said Defendants has violated the implied covenant of good faith and fair dealing Defendants' conduct was despicable and subjected Plaintiffs to unjust hardships, with a conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

### (Violation of Business & Professions Code Section 17200)

47.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

48.     Defendants' acts, as detailed above, constitute unfair unlawful and fraudulent business practices, as defined by Business & Professions Code Section 17200 *et seq.*

49.     Plaintiffs are entitled to restitution of the funds wrongfully possessed by Defendants as a direct result of their unfair business practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A.   Return of the funds fraudulently solicited from and wrongfully possessed by Defendants, plus statutory interest;

B.  That Defendants be ordered to pay to Plaintiffs the sum of $321,000.00 at minimum, in cash, plus statutory interest;

C.  Exemplary damages for Defendants' fraud, malice and oppression;

D.  Damages under Plaintiffs' contract with Defendants, including Plaintiffs' promised but unrealized expectancy;

E.  Rescission of the contracts;

F.   Restitution under Business and Professions Code Section 17200, including disgorgement of any profits made by Defendants through their unlawful and unfair business practices;

G.  Reasonable Attorneys' Fees; and

H.  Any and all other remedies that the Court deems proper.


Dated:   December 9, 2014

RESPECTFULLY SUBMITTED,
By: /s/ Derek H. DePetrillo
Derek H. DePetrillo, Esq.
BBO:  670303
Consumer Rights Law Firm, PLLC
133 Main St., Second Floor
North Andover, Massachusetts 01845
Phone: (978) 212-3300
Fax: (978) 409-1486
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiffs**